AO 91 (Rev. 11/82)

# CRIMINAL COMPLAINT

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|

| | DOCKET NO. |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JOSE LUIS MEJIA HERNANDEZ<br>aka "Jose Luis Mejia"<br>aka "Miguel Garces"<br>aka "Hugo Estrada Hernandez"<br>aka "Hugo Garcia"<br>aka "Jorge Andino Salazar" | FILED<br>CLERK, U.S. DISTRICT COURT<br>AUG 1 7 2018<br>CENTRAL DISTRICT OF C...<br>BY _____<br><br>MAGISTRATE'S CASE NO.<br>18 MJ 02150 |

Complaint for violation of Title 8, United States Code, Sections 1326(a), (b)(1):  Illegal Alien Found in the United States Following Deportation

| NAME OF MAGISTRATE JUDGE<br>**MICHAEL R WILNER** | **UNITED STATES MAGISTRATE JUDGE** | LOCATION<br>Los Angeles, California |
|---|---|---|

| DATE OF OFFENSE<br>June 10, 2018 | PLACE OF OFFENSE<br>Los Angeles County | ADDRESS OF ACCUSED (IF KNOWN) |
|---|---|---|

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

On or about June 10, 2018, defendant JOSE LUIS MEJIA HERNANDEZ, also known as ("aka") "Jose Luis Mejia," aka "Miguel Garces," aka "Hugo Estrada Hernandez," aka "Hugo Garcia," aka "Jorge Andino Salazar" ("defendant"), an alien, who had been officially deported and removed from the United States on or about June 25, 2002, January 28, 2012, and March 16, 2012, was found in Los Angeles County, within the Central District of California, after knowingly and voluntarily re-entering and remaining in the United States without having obtained permission from the Attorney General or the Secretary of Homeland Security to reapply for admission to the United States following deportation and removal.

At least one of defendant's previously alleged deportations and removals from the United States occurred subsequent to at least one of defendant's convictions for the following felonies: (1) two counts of Grand Theft, in violation of California Penal Code Sections 484 and 487, on or about November 13, 1997, in the Superior Court of the State of California, County of Santa Clara, Case Number 200774, for which defendant was sentenced to two years' imprisonment on each count to be served concurrently; and (2) two counts of Burglary, in violation of California Penal Code Section 459, on or about July 27, 2001, in the Superior Court of the State of California, County of Los Angeles, Case Number NA048309-02, for which defendant was sentenced to two years' imprisonment on each count to be served concurrently.

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:  (See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE: N/A

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br>ANDREA BOND<br><br>OFFICIAL TITLE<br>Deportation Officer, ICE |
|---|---|

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE[(1)]<br>**MICHAEL R WILNER** | DATE<br>August 17, 2018 |
|---|---|

[(1)] See Federal Rules of Criminal Procedure 3 and 54

SAUSA Kyle J. Ryan         REC: Detention

## AFFIDAVIT

I, Andrea Bond, being duly sworn, declare and state as follows:

### I.  PURPOSE OF AFFIDAVIT

1.    This affidavit is made in support of a criminal complaint against JOSE LUIS MEJIA HERNANDEZ, also known as ("aka") "Jose Luis Mejia," aka "Miguel Garces," aka "Hugo Estrada Hernandez," aka "Hugo Garcia," aka "Jorge Andino Salazar" ("MEJIA"), charging him with violating Title 8, United States Code, Sections 1326(a) and (b)(1), Illegal Alien Found in the United States Following Deportation.

2.    The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from other law enforcement agents and witnesses.  This affidavit is intended to show that there is probable cause for the requested complaint and does not purport to set forth all of my knowledge of, or investigation into, this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### II. BACKGROUND OF DEPORTATION OFFICER ANDREA BOND

3.    I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE").  I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since November 2012.  I am currently assigned to the Los Angeles Enforcement and Removal Operations ("ERO") field

office.   Prior to working for ICE as a DO, I worked as an
Immigration Enforcement Agent with ICE since February 2006.

### III. **STATEMENT OF PROBABLE CAUSE**

4.   On or about June 10, 2018, the ICE Pacific Enforcement
Response Center ("PERC") received an electronic notification
based on biometric fingerprint information that MEJIA was
arrested and in the custody of the Los Angeles Police Department
("LAPD").   On or about that same day, the PERC lodged a DHS
Immigration Detainer with the LAPD.

5.   On or about August 3, 2018, DO Juan Barocio notified
me that MEJIA, a previously deported criminal alien, was present
in the United States and had been taken into ICE administrative
custody.   Based on this notification, I undertook the present
investigation of MEJIA.

6.   Based on my training and experience, I know that a DHS
"A-File" is a file in which immigration records are maintained
for aliens admitted to or found in the United States.   I also
know that a DHS A-File usually contains photographs,
fingerprints, court records of conviction, and records relating
to deportation or other actions by INS or DHS with respect to
the subject alien for whom the DHS A-File is maintained.

7.   On or about August 3, 2018, I obtained and reviewed a
digitized copy of DHS A-File A077-332-684, which is maintained
for the subject alien "Jose Luis Mejia Hernandez."   The A-File
contained the following documents and information:

a.   Photographs of the subject alien to whom DHS A-
File A077-332-684 corresponds.   I compared the photographs in

the A-File to photographs taken at the time of MEJIA's booking into ICE custody on or about August 3, 2018.  I thus determined that DHS A-File A077-332-684 and its contents correspond to MEJIA.

        b.    Two executed Warrants of Removal/Deportation (Form I-205) and one executed Notice to Alien Ordered Removed/Departure Verification (Form I-296) indicating that MEJIA was officially removed or deported from the United States on or about June 25, 2002, January 28, 2012, and March 16, 2012. I know from my training and experience that a Warrant of Removal/Deportation or Notice to Alien Ordered Removed/Departure Verification is executed each time a subject alien is removed and deported from the United States by ICE (and its predecessor agency, the INS) and usually contains the subject's photograph, signature, and/or fingerprint.  The executed Warrants of Removal/Deportation and Notice to Alien Ordered Removed/Departure Verification in MEJIA's DHS A-File contain a photograph, a signature, and fingerprint.

        c.    A copy of a conviction record showing that MEJIA was convicted on or about November 13, 1997, under the name "Jorge Andino Salazar," of two counts of Grand Theft, in violation of California Penal Code Sections 484 and 487, in the Superior Court of the State of California, County of Santa Clara, Case Number 200774, for which MEJIA was sentenced to two years' imprisonment on each count to be served concurrently.

        d.    A copy of a conviction record showing that MEJIA was convicted on or about July 27, 2001, under the name "Jose

Luis Mejia," of two counts of Burglary, in violation of California Penal Code Section 459, in the Superior Court of the State of California, County of Los Angeles, Case Number NA048309-02, for which MEJIA was sentenced to two years' imprisonment on each count to be served concurrently.

        e.    A copy of a conviction record showing that MEJIA was convicted on or about July 6, 2018, under the name "Jose Luis Mejia Hernandez," of misdemeanor Driving Under the Influence of Alcohol 0.08% or Higher, in violation of California Vehicle Code 23152(b), in the Superior Court of the State of California, County of Los Angeles, Case Number 8VV03130, for which MEJIA was sentenced to three years' probation and four days' imprisonment.

        f.    Various documents, in addition to the Warrants of Removal/Deportation and Notice to Alien Ordered Removed/Departure Verification, indicating that MEJIA is a native and citizen of MEXICO. These documents include: (i) an Order of the Immigration Judge, dated June 25, 2002, ordering MEJIA removed to Mexico; and (ii) a Record of Sworn Statement dated March 15, 2012, in which MEJIA admitted to being born in Mexico, and in which MEJIA admitted to being a citizen of Mexico.

        8.    On or about August 10, 2018, I reviewed the printouts of the Interstate Identification Index ("III"). Based on my training and experience, I know that the III database tracks and records arrests and convictions of individuals according to an individual's State Identification number or Federal Bureau of

Investigation number.  The III printouts confirmed that MEJIA had been convicted of the crimes reflected on the documents contained in MEJIA's DHS A-File, described above.

9.   On or about August 10, 2018, I reviewed the printouts of ICE computer indices on MEJIA.  Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported from the United States by ICE, or deported by the former INS, or is granted permission to enter or re-enter the United States.  The ICE computer indices confirmed that MEJIA had been removed and deported on or about the dates indicated on the Warrants of Removal/Deportation and the Notice to Alien Ordered Removed/Departure Verification. The ICE computer indices further indicated that MEJIA had not applied for, or obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States legally since MEJIA had last been deported.

10.   Based on my review of MEJIA's DHS A-File, I determined that his A-File does not contain any record of his ever applying for, or receiving from the Attorney General or the Secretary of Homeland Security, permission to legally re-enter the United States.  Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in MEJIA's DHS A-File.

## IV. <u>CONCLUSION</u>

11.   For all the reasons described above, there is probable cause to believe that JOSE LUIS MEJIA HERNANDEZ has violated

Title 8, United States Code, Sections 1326(a) and (b)(1),

Illegal Alien Found in the United States Following Deportation.

Andrea Bond
Deportation Officer
Immigration and Customs
Enforcement

Subscribed to and sworn before me
this ___ day of August, 2018.

MICHAEL R WILNER

UNITED STATES MAGISTRATE JUDGE